Dear Mayor Mayfield:
Reference is made to your recent request for an opinion of this office regarding the reimbursement of travel expenses incurred by members of the Town Council of the Town of Haynesville, a Lawrason Act Municipality.
According to your correspondence, a resolution recently adopted by the Council provides that council members shall "be allowed the privilege of selecting places to go on benefit of the town whether it be state, federal, or wherever". According to your letter, the town's attorney has determined that the resolution has the effect of allowing council members to "go anywhere, anytime they want and there is absolutely no safeguard for the town's money".
In connection therewith, you have asked that we address the following issues:
 1. Whether the council can legally adopt a policy that allows council members to "freely go anywhere they want at the town's expense without the mayor's approval";
 2. Whether the mayor is obligated to "endorse" such travel by signing checks for council travel expenses;
 3. Whether a council member can go to Washington, at the town's expense, to seek funding for a private, nonprofit organization not yet located in the town;
 4. Whether it is appropriate for the town to pay per diem amounts to council members for meals;
 5. Whether it is appropriate for the town to prepay council members meals before travel, and if so, whether receipts should be turned in to verify the amount of the prepaid expenses.
In response to the first and second issues raised, we direct your attention to an opinion previously issued by this office, namely Attorney General Opinion No. 92-215. Therein, we opined:
 "In accordance with R.S. 33:362, the mayor is the chief executive officer of the municipality. As observed in Bourgere v. Anselmo, 517 So.2d 1121
(La.App. 5th Cir. 1987), the mayor, as chief executive officer, is intended to have the day-to-day charge of administering municipal government. According to R.S. 33:404, which sets forth the specific powers, duties and responsibilities of the mayor, he has any other power necessary for the proper administration of municipal affairs. Among those specific duties, the mayor must prepare and submit the annual operations budgets and a capital improvements budget to the board of aldermen According to R.S. 33:404A(8), the mayor has the specific duty to sign warrants drawn on the treasury for money and to require the clerk to attest to such warrants.
 On the other hand, the legislative powers of the municipality are vested in the board of aldermen.
 Based upon the concept of this division of power, it does not appear that the board of aldermen have a duty or right to approve specific bills for payment. The board of aldermen do approve the budget, but after the budget is approved and the board of aldermen has appropriated funds therefore, the mayor has the power and the duty to pay bills in the conduct of proper administration municipal affairs. It is the opinion of this office that the aldermen have no right or duty to approve the payment of specific bills" (Emphasis added).
Based upon the foregoing, it is the opinion of this office that the mayor of the Town of Haynesville, and not the council, is charged with the responsibility of determining and directing the payment of specific expenditures (within approved budget categories) on behalf of the Town.
With regard to the third issue raised by your request, we must respectfully advise that this office is not a finder of fact, and that it would be beyond the purview of this office to determine whether particular travel by a councilperson is in the best interests of the municipality he serves. It is our advice, however, that if it is properly determined that it is in the best economic interest of the town to be represented in Washington with regard to a particular economic development prospect, than you can approve such travel on behalf of the Town.
On the other hand, if the travel is of questionable benefit to the town, or if the expense is not proportionate to the benefit to be received by the town, then it is our advice that the travel cannot be undertaken at the town's expense. La. Const. Art. VII, Sec. 14 generally prohibits the loan, pledge or donation of ". . . the funds, credit, property, or things of value of the state or of any political subdivision" to or for "any person, association, or corporation, public or private.". In our opinion, the town's payment of an individual's travel expenditures, when such travel is of little or no benefit to the town, would be tantamount to prohibited donation.
In this regard, we are also compelled to note the provisions of R.S.42:1461, which require all public officials to administer public funds entrusted to them for public purposes and as a fiduciary. See Attorney General Opinion No. 90-504. R.S. 42:1461 imposes a personal obligation upon public officials and employees and prohibits them from misappropriating, misapplying, converting, or misusing any funds or property under the custody or control of the public entity in which the office or employment is held. The breach of this obligation gives rise to an action in favor of the public entity for the recovery of such funds or property, and for damages resulting from the breach.
Turning to the fourth and fifth issues raised by your request, please be advised that our research revealed no provision of law which specifically addresses or prohibits the payment of per diem to municipal officers or employees. Pertinently, in Attorney General Opinion No. 78-285, addressed to the City of Covington, we stated:
 "you indicate that the Council has approved lump-sum or per diem payments of officers and employees in a travel status apparently without the necessity of the individual having to provide an expense account with an itemization of expenses to be reimbursed. We can find no provision of law which is violated by such local regulation or ordinance . . . however, if the amount be so excessive that they would be donations we believe the constitutional provisions [La. Const. Art. VII, Sec. 14] would be violated."
In our opinion, assuming no limitation upon the amount of compensation that can be paid to council members would be violated thereby, a reasonable and properly authorized and adopted per diem amount for meals eaten by officials traveling on behalf the town can be adopted by the Town, and treated as additional compensation. Furthermore, we see no reason why that amount cannot be provided to the traveler in advance, subject to the condition that the entire advance or an appropriate portion thereof will be returned to the town if the travel is not made or is cut short.
Your attention is called to Attorney General Opinion Nos. 00-483, 98-85, 97-433, 92-857 and 92-716, which recognize that expense allowances should be treated as additional compensation subject to state and federal taxation and reporting requirements, in the absence of an adequately documented itemization of expenses actually incurred in the performance of public duties.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
Date Released: July 11, 2003